Richard Aronson, J.
This is an action brought by the plaintiffs on their own behalf, as taxpayers and qualified voters of Onondaga County, and on behalf of all other persons, citizens, taxpayers and voters in Onondaga County, for a judgment *1014 declaring that so much of section 150 of the County Law and so much of the Onondaga County Charter, which provides that each member of the Board of Supervisors of the county shall have one vote, is void and invalid as being violative of the 14th Amendment of the Constitution of the United States and the Constitution of the State of New York; that the present practice by which each member of the Board of Supervisors easts one vote, irrespective of the number of persons he or she represents, is also void as violative of the same constitutional provisions. The plaintiffs also seek an order enjoining the Onondaga County Board of Supervisors from acting in their collective capacity until a redistricting or reapportionment of the areas they represent takes place. Plaintiffs also ask that the court retain jurisdiction of this action to review any such change and to insure to the plaintiffs their constitutional rights.
The defendant, the Common Council of the City of Syracuse, pursuant to CPLR 3211 (subd. [a], par. 7), has moved to dismiss the action against it on the ground that the complaint fails to state a claim against it upon which relief can be granted. The State of New York appeared upon the argument of the motion and has taken the position that while the city is not a necessary or indispensable party, it is a proper or conditionally necessary party since the judgment which will be rendered herein may in some way affect the City of Syracuse.
Under CPLR 1001 (subd. [a]) persons who ought to be parties, if complete relief is to be accorded by the persons who are parties to the action or who might be inequitably affected by a judgment in action, shall be made plaintiffs or defendants.
Needless to say, the Board of Supervisors of the County of Onondaga is comprised of Supervisors elected from the 19 towns in the county and the 19 wards of the City of Syracuse so that any judgment that might be rendered herein could conceivably affect the City Supervisors.
No city may pass any local law affecting the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection or welfare and safety of any members of the legislative body of the county in which it is situated in their capacity as county officers. (N. Y. Const., art. IX, § 2, subd. [c], par. [1]; Municipal Home Rule Law, § 10, subd. 1, par. [ii], cl. a, subcl. [1].) On the other hand, the creation of additional wards or the changing of ward boundaries is solely a function of the city Legislature, in this case, the Common Council of the City of Syracuse (Baldwin v. City of Buffalo, 6 N Y 2d 168; Brairton v. Gillette, 40 Misc 2d *1015 1009, affd. 23 A D 2d 537; Neils v. Yonkers, 38 Misc 2d 691), subject to the requirement of section 23 (subd. 2, par. h) of the Municipal Home Buie Law that a change in the boundaries of wards from which members of the County Board of Supervisors, chosen as such in the city to represent the city, are elected, must be approved by referendum. However, the local law changing those boundaries must in the first instance be enacted by the legislative body of the city. (Baldwin v. City of Buffalo, supra; Brairton v. Gillette, supra; Neils v. Yonkers, supra.) It follows, therefore, that although the defendant Common Council of the City of Syracuse has no power to fix the number of Supervisors to be chosen by the electors of the City of Syracuse, it is, in fact, required to set the boundaries of the wards from within which those Supervisors from the City of Syracuse are elected. The charter of the City of Syracuse retains all of the previously established ward boundaries (Charter of City of Syracuse, § 2-101 [Local Laws, 1960, No. 13 of City of Syracuse, eff. Jan. 1, 1962]).
Any judgment which will require reapportionment of the county must, by its very nature, affect these charter provisions, if it determines the number and mode of election of members of the Board of Supervisors to be chosen from within the city. Any local law which may be passed by the defendant Board of Supervisors to implement the final judgment to be rendered in this case also cannot help but affect these charter provisions as it may or may not apportion a certain specified number of supervisors to be elected to represent the City of Syracuse. This might require the defendant, the Common Council of the City of Syracuse, in turn to pass a local law redistricting the city, or in the alternative, requiring the election of city supervisors-at-large.
‘ ‘ A declaratory judgment, which has the force of a final judgment * * * ‘ serves a legitimate purpose where all persons who arc interested in or might be affected by the enforcement of * * * “ rights ’ ’ and ‘ ‘ legal relations ’ ’ and who might question in a court the existence and scope of such rights, are parties to the action and have opportunity to be heard.’ ” (Wood v. City of Salamanca, 289 N. Y. 279, 282.)
As the court said in Matter of Goldstein v. Rockefeller (45 Misc 2d 778, 781) in an action similar to the one brought here: “ The procedure to be followed in implementing a finding that a local representative body is illegally apportioned are, at this writing, far from well charted, and I would prefer to see too many parties to this action for a declaratory judgment than not *1016 enough.” The court in that case denied the motion of the defendant, City of Rochester, to dismiss the complaint although the ground upon which the motion was made does not appear.
Since it is possible that the city might seek to question the validity of any county local law or a city local law that might be required herein, it could test the same within this action and thus avoid a multiplicity of suits.
For the foregoing reasons, the court finds that the defendant, the Common Council of the City of Syracuse, because of the nature of the action, is a conditionally necessary party to this action since it might be inequitably affected by the judgment to be rendered herein, Therefore, even though the complaint seeks no affirmative relief against the moving defendant, its motion to dismiss the complaint is denied, without costs.