Richard Cantor, Esq. Corporation Council, Poughkeepsie
You have asked a number of questions concerning the restructuring of city ward lines on the basis of the 1980 Decennial Census. Specifically, you have asked (1) whether alteration of ward lines requires or permits a referendum; (2) on what date would boundary changes become effective; (3) what effect redistricting would have on incumbent councilmen should the ward lines be changed before their current terms of office expire; and (4) what relationship there is between the redistricting plans of a city and a county.
Section 10(1)(i) of the Municipal Home Rule Law authorizes a local government to adopt and amend local laws not inconsistent with the provisions of the Constitution or not inconsistent with any general law relating to its property, affairs or government. Prior to the adoption of the Municipal Home Rule Law, the comparable provision of the City Home Rule Law was held to grant authority to cities to redraw ward boundaries, Baldwin v City of Buffalo, 6 N.Y.2d 168 (1959), in which the Court said:
 "The mere altering of ward boundaries would seem, on its face, clearly to come within the scope of the terms `property, affairs or government' of a city. (p 173)
 * * * "Since, then, the changing of the ward boundary lines affects neither the mode of selection of the Erie County Board of Supervisors, nor the mode of selection of the members of the City Council, the local laws are a valid exercise of the power granted to the municipality under the provision of the State Constitution, and do not require a mandatory referendum." (p 175)
See, also, Neils v City of Yonkers, 38 Misc.2d 691 (Sup Ct, Westchester Co, 1962); Brairton v Gillette, 40 Misc.2d 1009 (Sup Ct, Monroe Co, 1963), affd without opn 23 A.D.2d 537 (4th Dept, 1965); Barzelay v Boardof Supervisors of Onondaga County, 47 Misc.2d 1013 (Sup Ct, Onondaga Co, 1965).
At the time of the Baldwin decision there was and, except only as stated below, is now, no provision of law either authorizing a referendum on petition or requiring a mandatory referendum for a change in ward boundaries. Section 23(2)(h) of the Municipal Home Rule Law requires a mandatory referendum on a local law that:
 "In the case of a city changes the boundaries of wards, or other districts, from which members of the county board of supervisors, chosen as such in such city to represent the city, are elected."
This requirement does not apply to city council members. As Dutchess County, by local law, structures the districts from which members of the County Legislature are elected (§ 2.01 of the Dutchess County Charter) the alteration of ward boundaries in the City of Poughkeepsie for the election of members to the common council will have no effect upon county representative districts.
We note that a city is also authorized to redistrict under a specific grant of power (Municipal Home Rule Law, § 10[1][ii][a][13]), but, of course, under the Baldwin case does not have to act under that provision. A local law specifically enacted under this grant is, however, subject to a permissive referendum (id., § 24[2][j]) — that is, the legislative body may require a referendum, otherwise a referendum may be held only upon petition.
Your questions concerning effective dates and the status of incumbent council members are answered by the wording of the local law. For example, a section could provide: "The boundaries of the several wards as described in Section govern for purposes of electing members at the general election to be held in November 1983 for terms beginning on January 1, 1984 and for the filling of vacancies and election of members thereafter." Another section could provide: "The boundaries of the several wards from which the present members of this council were elected govern until the expiration of their terms." With provisions such as these, your redistricting local law may take effect immediately.
When drafting the local law that will restructure the city's wards, it is advisable to consult the Election Law. Specifically, section 4-100(3) as amended by L 1982, ch 151 provides: "Each election district shall be in compact form and may not be partly within and partly without a ward, * * * or a county legislative, assembly, senatorial or congressional district."
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.