Robert W. Sloan, J.
The plaintiffs who are citizens and qualified voters of the City of Binghamton, bring this action against 13 named defendants in their representative capacity as members of the Common Council of the City of Binghamton and Hon. John J. Burns, Mayor of the City of Binghamton. They seek to have the present representation and voting procedure of the Common 'Council declared in violation of the equal protection clauses of the Fourteenth Amendment of the United *941 States Constitution and the New York State Constitution; that the court retain jurisdiction to review any change made in the future in reference to representation and voting strength on said Common Council in order to insure plaintiffs the rights guaranteed them by the Constitutions be protected. The complaint also asks that the defendants be enjoined from acting in their capacity as the Common Council of the city until a legal and constitutional Council is created and that the court declare illegal and void actions heretofore or hereafter taken by the present Common Council; and that the court direct such other relief as may be just and proper.
Except for four of their number, the defendants appear by the Corporation Counsel and move to dismiss the complaint pursuant to CPLR 3211 (subd. [a]) on the ground that this court does not have jurisdiction of the subject matter of this action. The plaintiffs counter by requesting that the motion be treated as one for summary judgment (CPLR 3211, subd. [c]), and that summary judgment be granted plaintiffs because the complaint and the affidavits and exhibits submitted show that there is no triable issue of fact (CPLR 3212, subd. [b]). Four members of the Board of Supervisors have been permitted to intervene by their own counsel and take the position that this court does have jurisdiction of the subject matter of this action.
This action is brought in the wake of recent United States Supreme Court decisions (Baker v. Carr, 369 U. S. 186 [1962]; Reynolds v. Sims, 377 U. S. 533; WMCA, Inc. v. Lomenzo, 377 U. S. 633; Maryland Comm. v. Tawes, 377 U. S. 656, and others).
The decisions of courts of other States which have assumed jurisdiction of an action of this type, do not discuss the question of their jurisdiction to do so in a manner which offers satisfactory guidance in the solution of the same problem here. Neither do we regard the comments on the subject in Maryland Comm. v. Tawes (supra) or in Reynolds v. Sims (supra) in the dissenting opinion of Mr. Justice Hablan, as giving us jurisdiction of the subject matter of this action, if we do not for other reasons possess it. These decisions do indicate, however, that the United States District Courts do not have exclusive jurisdiction of such an action.
The Federal Constitution (14th Arndt.) provides that no State may: ‘ ‘ deny to any person within its jurisdiction the equal protection of the laws ”; and section 11 of article I of the State Constitution provides: “No person shall be denied the equal protection of the laws of this state or any subdivision thereof.” The United States Supreme Court has found the quoted provisions of the Federal Constitution violated by a State Constitu *942 lion or statute apportioning legislative districts on any basis other than population and that a person so aggrieved is deprived of a civil right and may seek redress in an action created for such purpose (U. S. Code, tit. 42, § 1983; U. S. Code, tit. 28, § 1343). In a memorandum decision handed down on April 6, 1965 by Justice Daniel E. Macken in an action brought in Supreme Court, Monroe County (Goldstein v. Rockefeller, 45 Misc 2d 778) judgment was directed in favor of the plaintiffs because the existing apportionment of the Board of Supervisors of Monroe County violated the provisions of both the Federal and New York State Constitutions as being a denial of the equal protection of the law. We may not question the decisions of the United States Supreme Court. We are in accord with the decision in Goldstein v. Rockefeller.
Constitutional rights may be tested in a plenary action in equity brought for that purpose. (Niagara Falls Power Co. v. Halpin, 267 App. Div. 236, affd. 292 N. Y. 472; N. Y. Jur., Equity, § 58.) However, in order to test the constitutionality of an act of the Legislature or the activities of State officers thereunder, a plaintiff’s civil or property rights must have been specifically and particularly affected thereby. (St. Clair v. Yonkers Raceway, 17 A D 2d 899, affd. 13 N Y 2d 72; Bull v. Stichman, 273 App. Div. 311.) If the allegations of the complaint be true, each plaintiff has been denied his civil right to equal representation, guaranteed by the Federal and State Constitutions, by the present apportionment of the Common Council of the City of Binghamton, and each are “specifically and particularly affected thereby.” The fact that they allege that they bring action on behalf of all other similarly situated may be disregarded as superfluous.
At this juncture, it is clear that we have jurisdiction of the subject matter of this action and may grant appropriate relief. It matters little whether it be regarded as plenary action to test whether the New York State Constitution is violated, or a civil right action to test whether the Federal Constitution is violated by the present representation and voting procedure of the Common Council of Binghamton. For that matter, it can be both, as the civil right asserted is one and the same in each instance. The New York Constitution (art. VI, § 1) gives us original jurisdiction in the first instance, and we are required to assume jurisdiction in the second (Testa v. Katt, 330 U. S. 386; Wasservogel v. Meyerowitz, 300 N. Y. 125; Claflin v. Houseman, 93 U. S. 130; Robb v. Connolly, 111 U. S. 624; People v. Eastman, 33 Misc 2d 583, affd. 18 A D 2d 1102).
*943 That the “ one person, one vote ” principle is applicable to the apportionment of elected members of legislative bodies of governmental units below the level of State Legislatures can no longer be doubted. (Goldstein v. Rockefeller, 45 Misc 2d 778; State ex rel. Sonneborn v. Sylvester, 132 N. W. 2d 249 [Wis.]; Ellis v. Mayor and City Council of City of Baltimore, 234 F. Supp. 945; Bianchi v. Griffing, 238 F. Supp. 997; Brower v. Bronkema, Case No. 1885, Cir. Ct.. Kent County, Mich., Sept. 11,1964.)
The complaint alleges that the City of Binghamton has 13 wards from each of which a Councilman is elected to represent the ward on the Common Council; that in the proceedings of the Common Council each Councilman has the power to cast one vote of equal weight with all others, and this without reference to the population of the ward he represents; that the population of each of the wards so represented, according to the 1960 United States Census is as follows:

Thus, seven Councilmen representing less than 27% of the population of the City of Binghamton might enact laws and ordinances not favored by those representing more than 70% of the population or defeat proposals favored by more than 70% of the population. No question of fact as to the above allegations and conclusions is raised by the defendants. We find that the present scheme of apportionment of the members of the Common Council and the City of Binghamton deprives each of the plaintiffs of his right to equal representation in violation of the Fourteenth Amendment of the Federal Constitution, and section 1Í of article I of the Constitution of the *944 State of New York, and that summary judgment may be granted to this effect.
Except as hereinafter noted, all other relief requested in the complaint is denied.
Judgment is directed (1) declaring that the present apportionment of the members of the Common Council of the City of Binghamton violates the equal protection provisions of the Fourteenth Amendment of the United States Constitution, and section 11 of article I of the Constitution of the State of New York; (2) providing that the Common Council shall continue to function as presently constituted; (3) providing that no election of Councilmen shall hereafter be held pursuant to the existing or any other unconstitutional apportionment plan; and (4) providing that this court retains jurisdiction of this action and will entertain an application iby any of the parties for a review of any apportionment plan adopted by local law, and for such other and further relief as shall be just and proper.