Lawrence H. Cooke, J.
Plaintiff, a resident and elector of the Town of Delaware in Sullivan County, has instituted this action for a declaratory judgment that article 4 of the County Law is unconstitutional and void, that it is the duty of defendant Board of Supervisors of said county to formulate a system under which the vote of each Supervisor would be proportionate to the number of persons represented by him and for such other and further declaration of the legal rights of the parties as shall be necessary and proper. Defendant board has moved to dismiss the complaint on the grounds that it does not state facts sufficient to constitute a cause of action and that the court does not have jurisdiction to grant the relief requested. Plaintiff has asked that summary judgment be granted in his favor. By previous court direction, the State of New York *839 was made a party defendant and it has been agreed that the application at hand apply also to the supplemental summons and amended complaint.
Section 150 of the County Law, entitled “Board of supervisors constituted ”, provides: “ The supervisors of the several cities and towns in each county, when lawfully convened, shall constitute the board of supervisors of the county.” Subdivision 2 of section 153 of the County Law states that: “A majority of the whole number of members of the board of supervisors shall constitute a quorum for the transaction of business, but a less number may adjourn and subdivision 4 thereof reads in part: 1 ‘ Whenever in this chapter or other general, special or local law, the board of supervisors is authorized or required to act, and no proportion of the voting strength for such action is otherwise prescribed, such action shall be taken by the affirmative vote of a majority of the total membership of the board.”
The material facts are not in dispute. Sullivan County consists of 15 towns of widely varying populations, each of which has one Supervisor (Town Law, § 20) with one vote on the Sullivan County Board of Supervisors.
Amendment XIV of the Constitution of the United States declares that no State may “ deny to any person within its jurisdiction the equal protection of the laws”; and sections 1 and 11 of article I of the New York State Constitution provide that “No member of this state shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers” and “No person shall be denied the equal protection of the laws of this state or any subdivision thereof.”
We have been told by the highest court in the land: that legislators represent people, not trees or acres; that the right to elect legislators in a free and unimpaired fashion is a bedrock of our political system; that weighting the votes of citizens differently by any method, merely because of where they happen to reside, is not justifiable and impairs basic constitutional rights under the Fourteenth Amendment; that each and every citizen has an inalienable right to full and effective participation in the political processes of his State’s legislative bodies; and that the conception of political equality can mean one thing — one person, one vote (Reynolds v. Sims, 377 U. S. 533, 562, 563, 565, 566; Gray v. Sanders, 372 U. S. 368, 381; of. WMCA, Inc. v. Lomenso, 377 U. S. 633; Maryland Comm. v. Tawes, 377 U. S. 656; Davis v. Mann, 377 U. S. 678; Roman v. Sincock, *840 377 U. S. 695; Lucas v. Colorado Gen. Assembly, 377 U. S. 713; Wesberry v. Sanders, 376 U. S. 1; Baker v. Carr, 369 U. S. 186).
The “ one person, one vote ” principle is applicable to the apportionment of elected members of Boards of Supervisors and other legislative bodies of governmental units below the level of State Legislatures (Matter of Goldstein v. Rockefeller, 45 Misc 2d 778, 783; Bianchi v. Griffing, 238 F. Supp. 997; State ex rel. Sonneborn v. Sylvester, 26 Wis. 2d 43; Brouwer v. Bronkema, Cir. Ct., Kent County, Mich., Sept. 11, 1964, Searl, J.; Seaman v. Fedourich, 45 Misc 2d 940, 943; Ellis v. Mayor and City Council of Baltimore, 234 F. Supp. 945).
According to the 1960 United States Census, the population in the .15 towns of Sullivan County is as follows:

Thus, 356 residents in one town have as much representation on the board as do 8,792 in another and 8 Supervisors, representing slightly less than 20% of the county’s population, can prevail over 7 representing slightly more than 80% of the population. Conversely, 3 Supervisors, representing slightly more than 53% of the population, have but 20% of the present representation on the board. Clearly, the present scheme of apportionment of the members of defendant board does not conform to the “ one person, one vote” principle and is in violation of the Fourteenth Amendment of the Constitution of the United States and sections 1 and 11 of article I of the Constitution of the State of New York. Whether or not the present apportionment is a beneficial one is now an academic question, since there has been a recent avalanche of judicial opinion definitely indicating its constitutional invalidity.
Defendant board, in an affidavit and in its brief, concedes that plaintiff is a resident of the Town of Delaware and defendant State, in its brief, in effect makes the same concession. Public records also show that plaintiff voted at the last general election in the Town of Delaware (see People v. Herkimer, 4 Cow. 345; Browne v. City of New York, 213 App. Div. 206, 233, affd. 241 N. Y. 96; Brown v. Sentinel Investigations Serv., *841 39 Misc 2d 635, 636). It is urged that the population of said town is 2,141, which is less than l/15th of the total population of the county, and that, therefore, plaintiff is not disenfranchised but enjoys an advantage. The argument overlooks the fact that there are seven towns with populations less than Delaware but which have representation equal to it on the county board and, in this respect, the votes in Delaware have been diluted and undervalued. As stated in Reynolds v. Sims (377 U. S. 533, 563, supra): ‘ ‘ Overweighting and overvaluation of the votes of those living here has the certain effect of dilution and undervaluation of the votes of those living there. ’ ’
The court does have jurisdiction of the subject matter of the action (N. Y. Const., art. VI, § 1; Seaman v. Fedourich, 45 Misc 2d 940, 942). As recently as June 1, 1965, the United States Supreme Court in Scott v. Germano (381 U. S. 407, 409) declared: 1 ‘ The power of the judiciary of a State to require valid reapportionment or to formulate a valid redistricting plan has not only been recognized by this Court but appropriate action by the States in such cases has been specifically encouraged.”
Here, defendant board has asked, not only for dismissal of the complaint but for “ such other and further relief as to the Court may seem just and proper ” and plaintiff, in his papers and on argument, has asked for summary judgment. The relevant facts are the questioned provisions of the County Law and matters of public record such as census records, concerning which there is no question of fact (cf. Adams v. Elwood, 176 N. Y. 106, 110; Taylor v. City of White Plains, 135 N. Y. S. 2d 773, 775). Under the circumstances present here and since the material allegations of the complaint are necessarily admitted, there is no issue of fact and declaratory judgment may appropriately be directed (CPLR, 3211, subd. [c]; Hoffman v. City of Syracuse, 2 N Y 2d 484, 487; German Masonic Temple Assn. v. City of New York, 279 N. Y. 452, 457; Civil Serv. Forum v. Neto Yorh City Tr. Auth., 4 A D 2d 117, 129-130, affd. 4 N Y 2d 866; Grove Hill Realty Co. v. Ferncliff Cemetery Assn., 9 Misc 2d 47, 48-49, affd. 7 A D 2d 736, affd. 7N Y 2d 403).
We come now to the nature and extent of the relief to be granted. A denial of constitutionally protected rights demands judicial protection and, once a legislative apportionment scheme has been found to be unconstitutional, it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the invalid plan, the relief to be fashioned in the light *842 of equitable principles and timed to avoid a disruption of the election process (Reynolds v. Sims, 377 U. S. 533, 566, 585, supra). Legislative reappórtionment is primarily a matter for legislative consideration and determination and judicial relief becomes appropriate only when a Legislature fails to reapportion according to constitutional requirements after having had an adequate opportunity to do so (Reynolds v. Sims, 377 U. S. 533, 586).
Weighted voting has been defined as “ the system under which current membership of a legislative body is continued but which gives numbers of votes to individual members depending upon the numerical relationships among the populations which they represent” (Address, Milton Alpert, Counsel, Office of Local G-overnment, N. Y. S. Conference of Mayors, June 16, 1965). While not the ideal solution and though possessed of shortcomings, it does provide some of the advantages of local representation while insuring a measure of equality (Weinstein, County Reapportionment, 65 Col. L. Rev. 21, 41-46; cf. N. Y. Times, May 1, 1965, p. 38) and, in practice, has been utilized in Nassau County for many years without serious difficulties (cf. L. 1936, ch. 879).
In Thigpen v. Meyers (231 F. Supp. 938) a Federal District Court held that weighted voting meets the requirements of the United States Supreme Court and Professor Weinstein has written: “It seems likely that weighted voting will be held to comply with federal constitutional requirements when it is 1) adopted in good faith, 2) to meet special situations, and 3) the discrepancies in voting power are not extreme.” In WMCA v. Lomenzo (U. S. Dist. Ct., S. D. N. Y., Feb. 1, 1965) the court while rejecting fractional voting for the New York State Legislature concerning laws enacted at the December 1964 Special Session, in a footnote, stated: “We express no opinion on the use of fractional or weighted voting either as a temporary device to remedy malapportionment or in governmental organs below the state level.”
Here, weighted voting is considered as a stopgap or temporary measure. Its use is favored because it will create less confusion and disruption and yet, as a temporary measure, serve to redress disparities. It will obviate a possible special election, permit Supervisors, who are also the chief executive officers of their respective towns, to serve the statutory two-year term (Town Law, § 24) and allow additional time in which to formulate an acceptable permanent plan of apportionment. It must be recognized that officials committed with the responsibility of devising a proper method of apportionment *843 are operating in a very difficult and rather novel field of the law, where the answers are not all clear or complete and where further guidance from the Court of Appeals and the United States Supreme Court is awaited, as well as assistance in the form of legislation. Nonetheless, remedies or solutions available under existing statutes should be examined and not overlooked.
On argument, counsel for defendant State asked that determination of the instant application be withheld until after adjournment of the regular session of the Legislature, which occurred on June 23, 1965, but the court’s attention has been called to nothing which has taken place which would warrant a decision different from that arrived at herein.
On notice of two days, a proposed judgment should be submitted: (1) declaring that the present apportionment of members of the Sullivan County Board of Supervisors violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and sections 1 and 11 of article I of the New York State Constitution; (2) declaring that section 150 of the County Law, as applicable to the present apportionment of the Sullivan County Board of Supervisors, violates the said constitutional provisions; (3) providing that the present Board of Supervisors shall continue to function as presently constituted; (4) providing that, commencing on January 1, 1966 and continuing until a constitutionally acceptable method of apportionment becomes effective, the Supervisor of each town to be selected at the election of 1965, and any successor chosen to complete his term of office, shall be entitled during his term of office to cast at the meetings of the Board of Supervisors of Sullivan County, a number of votes equal to the quotient in whole numbers obtained by dividing the number of inhabitants of the town from which he has been ■ elected, as determined by the latest Federal Census covering all towns in the county, by five hundred, except that and providing further that no Supervisor shall have less than one vote; (5) providing that the Supreme Court shall retain jurisdiction of this ease and entertain an application by any of the parties for further relief in the light of future legislative and decisional law and action taken by defendants to comply with the constitutional mandate; and (6) providing that, in any event, a valid plan of apportionment must be adopted in time for and so as to be applicable to the members of defendant board, or of such other successor county legislative body as may be created, who will be chosen at the general election in 1967.