David F. Lee, Jr., J.
The plaintiffs move for a summary-judgment. Their complaint asks that:
1. The court take jurisdiction of this action.
2. The court declare unconstitutional and illegal the present representation and voting procedure of the Board of Supervisors of Broome County.
3. The court enjoin the defendants from acting in their present capacity as the Board of Supervisors until such time as a legal and constitutional board is created.
4. The court declare illegal and void any action heretofore and hereafter taken by the present Board of Supervisors as being unconstitutional and in violation of the Fourteenth Amendment of the Constitution of the United States.
5. The court declare void and invalid as being violative of the Fourteenth Amendment of the Constitution of the United States, as they apply to the Broome County Board of Supervisors, sections 150 and 153 of the County Law and section 11 of the Second Class Cities Law.
6. The court retain jurisdiction of this action to review any change made in the future in reference to representation and voting strength on the Board of Supervisors to insure to the plaintiffs the rights guaranteed them by the Constitution of the United States; and
7. For such other relief as shall be just and proper.
The plaintiffs, citizens, taxpayers and qualified voters of Broome County bring this action, jointly and severally, in their own behalf and in behalf of all other persons, citizens and voters in Broome County similarly situated. In this action it is alleged: “ Because of the gross disparity in population among the municipalities represented on the Board of Supervisors as set forth * * * the present procedure under and by virtue of which each member of the Board of Supervisors casts one vote, results in an arbitrary impairment of the votes of the Plaintiffs and of all those similarly situated by means of an invidiously discriminatory geographic classification, which deprives Plaintiffs and all others similarly situated of liberty and property without due process of law and of the equal protection of the laws in violation of the Fourteenth Amendment of the Constitution of the United States and the Constitution of the State of New York.”
Upon argument the plaintiffs cited the memorandum decision of Mr. Justice Macken in Matter of Goldstein v. Rockefeller *1060 (45 Misc 2d 778) with regard to the Monroe County Board of Supervisors, and urged that the present apportionment of the members of the Broome County Board of Supervisors, “fails to comply with the so-called 1 one person, one vote ’ principle enunciated by the United States Supreme Court in Baker v. Carr (369 U. S. 186); Reynolds v. Sims (377 U. S. 533), and other cases decided simultaneously with the latter, and thus is violative of the equal protection clause contained in the Fourteenth Amendment of the United States Constitution.” (Matter of Goldstein v. Rockefeller, pp. 781-782.)
The defendants’ answer alleges general denials and admissions, and includes six separate affirmative defenses. There is no issue of fact presented by the answer.
In their answer the defendants question the jurisdiction of this court to entertain this action, and allege that the plaintiffs’ complaint presents a Federal question of law over which the Supreme Court of the State of New York has no jurisdiction.
In Seaman v. Fedourich (16 N Y 2d 94, 101-102, affg. 23 A D 2d 968, affg. 46 Misc 2d 289), Judge Fuld writing for the unanimous court stated:
“ It is axiomatic that local governmental units are creations of, and exercise only those powers delegated to them by, the State (N. Y. Const., art. IX, §§ 1, 2; Municipal Home Rule Law, §§ 10, 11) and, certainly, if the latter may exercise its legislative powers only in a body constituted on a population basis, any general elective municipal organ to which it delegates certain of its powers mnst, by a parity of reasoning, be subjected to the same constitutional requirement. Viewed in another way, if, as seems evident, the thrust of the Supreme Court’s decisions is that it is inherent within the concept of ‘ equal protection ’ that a person has a substantial right to be heard and to participate, through his elected representatives, in the business of government on an equal basis with all other individuals, no reason or justilication exists for differentiating, so far as that right is concerned, between the general governmental business carried on in the highest legislative organs of the State and that conducted, by virtue of a delegation of authority, in municipal law-making bodies. (See, generally, Weinstein, The Effect of the Federal Reapportionment Decisions on Counties and Other Forms of Municipal Grovernment, 65 Col. L. Rev. 21.)
“ Nor can there be any question that the courts of New York, obliged as they are to uphold the Federal Constitution as well as this State’s Constitution — -whose equal protection clause, we have said, is as broad in its coverage as that of the Fourteenth *1061 Amendment (see Dorsey v. Stuyvesant Town Corp., 299 N. Y. 512, 530, 544) — are vested with jurisdiction of actions brought to vindicate the right to equal representation. (See Matter of Orans, 15 N Y 2d 339; Maryland, Committee v. Tawes, 377 U. S. 656, 674.) ”
This court concludes that the Supreme Court of the State of New York does have jurisdiction to entertain this action.
Douglas W. Seaman, Supervisor of the 13th Ward in the City of Binghamton, by an order to show cause, moves for an order:
“ a. Amending the title of this action by striking the names of all individual defendants and substituting Broome County Board of Supervisors as party defendant, pursuant to CPLB 1023;
‘ ‘ b. Granting leave to Douglas W. Seaman to appear and participate in the litigation of this action as an intervening defendant, and
“ c. Directing such other relief as may be just.”
The motion of Douglas W. Seaman that he be granted leave to appear and participate in this action as an intervening defendant should be granted. Upon argument, and in his affidavit for the order to show cause, Mr. Seaman supported plaintiffs’ contentions.
The motion to amend the title of this action by striking the names of all individual defendants and substituting therefor Broome County Board of Supervisors, as party defendant, pursuant to CPLB 1023 should be granted.
As presently constituted the Broome County Board of Supervisors is made up of 29 members, one from each of the 16 towns and one from each of the 13 wards of the City of Binghamton, all of whom are elected for two-year terms. Each Supervisor has the power to cast one vote, of equal weight with the others, on matters coming before the board.
The population figures set forth in the complaint have not been questioned by the defendants. However, the court notes certain variances when compared to the I960 United States Census. The Federal Census for 1960 showed that Broome County had a population of 212,661 while the population of Broome County as computed from the figures alleged in the complaint is 221,359 of which 75,941 reside in the City of Binghamton and 145,418 in the 16 towns. The 1960 census listed the same city population but 136,720 for the towns.
The figures alleged in the complaint and presented in the census for the wards of the City of Binghamton were the same. The population of the wards varied from 542 in the 9th Ward *1062 to 11,426 in the 4th Ward. Ward 8 had a population of 1,064 and Ward 12 had 10,817, Five wards had a population of less than 4,000 and two wards had populations of between 4,000 and 5,000.
The population, according to the 1960 Federal Census, for certain of the towns was as follows: Town of Chenango 9,858; Town of Conklin 4,347; Town of Fenton 5,920; Town of Maine 3,931; Town of Union 64,423; and Town of Vestal 16,806. Population figures alleged by the plaintiff in the complaint varied somewhat for the afore-mentioned towns from the census figures. Upon argument the court was informed that the population figures alleged in the complaint were from a special census taken since 1960. According to the complaint the population of the towns ranged from 794 in Nanticoke to 65,119 in Union. Seven towns had less than 4,000; four had between 4,000 and 6,000; two had between 6,000 and 7,000; one had 11,274; one had 21,108; another had 65,119.
Regardless of which of the population figures are considered, those of the complaint or those set forth in the 1960 Federal Census, the 15 least populous wards and towns, representing less than 20% of the population of the county, elect a majority of the Board of Supervisors.
In Seaman v. Fedourich (45 Misc 2d 940, 943) Mr. Justice Smart stated: “ That the ‘ one person, one vote ’ principle is applicable to the apportionment of elected members of legislative bodies of governmental units below the level of State Legislatures can no longer be doubted. (Goldstein v. Rockefeller, 45 Misc 2d 778; State ex rel. Sonneborn v. Sylvester, 132 N. W. 2d 249 [Wis.]; Ellis v. Mayor and City Council of City of Baltimore, 234 F. Supp. 945; Bianchi v. Griffing, 238 F. Supp. 997; Brouwer v. Bronkema, Case No. 1885, Cir. Ct., Kent County, Mich., Sept. 11, 1964.) ”
The Court of Appeals recently stated: “ The present action was, of course, prompted by recent Supreme Court cases holding that the equal protection clause of the Fourteenth Amendment requires that representation in both houses of a state’s legislature be substantially proportionate to the number of people represented under the principle of ‘ one person, one vote. ’ * * * There can be little doubt * * * that that principle is applicable to elective legislative bodies exercising general governmental powers at the municipal level (of. Reynolds v. Sims, 377 U. S. 533, 575; Gomillion v. Lightfoot, 364 U. S. 339), and such has been the conclusion reached by several courts called upon to consider the question.” (Seaman v. Fedourich, supra, p. 101.)
*1063 In Matter of Goldstein v. Rockefeller (supra, pp. 782-783) Mr. Justice Mackew refers to a supplemental brief in which the Attorney-General wrote: “ ‘ After careful study of the available case law upon the subject; upon due consideration of the relative benefits and evils which can result both from a failure to apply that proposition of law and also from its application; after attempting to weigh the relative good and relative evil, both from the standpoint of the present condition of apportionment in the several cities and counties within the State and from the probable future condition, should the present growth rate and fluctuating population patterns continue at the present or a faster pace (and we are assured by experts in the field of future planning that the change will continue at a constantly increasing rate into and through the foreseeable future); the position necessarily now taken by the State respondents is that the equal protection clause does and must apply to local legislative bodies within this State and that the trials, inconvenience and evil of upheaval due to the application of the proposition are less to be feared, if met with intelligence, cooperation and good will, than the evil of a constantly increasing and more acute imbalance of representation of citizens in their local legislative bodies due to the failure to apply the proposition.’ ” The court concludes that the “ one person, one vote ” principle applies to the election of members of the Broome County Board of Supervisors, and that the present apportionment with respect to the Town Supervisors and the districting of the city wards violates the equal protection provision of the Fourteenth Amendment of the United States Constitution and sections 1 and 11 of article I of the Constitution of the State of New York.
Section 150 of the County Law entitled, “ Board of supervisors constituted” provides: “The supervisors of the several cities and towns in each county, when lawfully convened, shall constitute the board of supervisors of the county.”
Section 153 of the County Law, “ Rules of procedure ” provides, in part: “ 4. Whenever in this chapter or other general, special or local law, the board of supervisors is authorized or required to act, and no proportion of the voting strength for such action is otherwise prescribed, such action shall be taken by the affirmative vote of a majority of the total membership of the board. A roll call shall be taken and entered by the clerk in the minutes of its proceedings when required by law or upon request of any member of the board.”
Section 11 of the Second Class Cities Law entitled, “ Elective officers” provides: “There shall be elected by the qualified electors of the city, a mayor * * *. There shall be elected *1064 by the qualified electors of each ward of the city an alderman and a supervisor.”
This court concludes that, as they apply to the Broome County Board of Supervisors, section 150 of the County Law, and section 11 of the Second Class Cities Law are void and invalid as being unconstitutional, violative of the Fourteenth Amendment of the Constitution of the United States.
The defendants’ answer alleges as affirmative defenses:
“ 6. That the people of Broome County had placed before them the very issue set forth in the complaint in the elections of 1963 and 1964 when there was presented to them propositions to adopt Local Law No. 1, 1963, which provided for additional voting power to Supervisors from the more populous municipalities, and Local Law Introductory No. 1 for the year 1964, which provided for additional representation on the Board of Supervisors from such populous municipalities of the County. Prior to each aforesaid election it was widely debated and publicized that one of the features of each of these two proposed laws would be additional representation for these more populous municipalities. In each instance the proposal was soundly defeated.
* * #
“ 12. That following the defeat of the Charter in the 1964 Referendum, a committee was appointed on the Broome County Board of Supervisors to study the question of reapportionment. That the committee has been continued and is considering various plans of reapportionment and will present a suitable plan when prepared to the voters for their approval or disapproval, unless in the meantime the Legislature of the State of New York should enact new and different legislation covering the subject of reapportionment.”
The United States Supreme Court in Lucas v. Colorado Gen. Assembly (377 U. S. 713, 736-737), Chief Justice Warren writing for the court, stated: “An individual’s constitutionally protected right to cast an equally weighted vote cannot be denied even by a vote of a majority * * *. Manifestly, the fact that an apportionment plan is adopted in a popular referendum is insufficient to sustain its constitutionality or to induce a court of equity to refuse to act. * * * ‘ One’s right to life, liberty, and property * * * and other fundamental rights may not be submitted to vote; they depend on the outcome of no elections.’ A citizen’s constitutional rights can hardly be infringed simply .because a majority of the people choose that it be.” This court concludes that the affirmative defense alleging that *1065 in the election of 1963 Local Law No. 1, and in the election of 1964 Local Law Introductory No. 1 were soundly defeated is without merit as a defense to the issue presented by plaintiffs’ complaint.
The court has noted that the defendants allege in their answer that a committee has been appointed by the Broome County Board of Supervisors to study the question of apportionment. While this court does not deem it appropriate at this time to make any suggestion as to the method or procedure to be followed or the factors to be considered in arriving at a constitutional apportionment or districting, the court notes that in Matter of Orans (15 N Y 2d 339, 348) Chief Judge Desmond pointed out, referring to the WMGA case and its third appearance before the Federal District Court: “plans D, C and B were all invalidated by the District Court on these grounds: plan D is unconstitutional because it used 1962 voter figures instead of population figures and also because it provided for fractional voting by legislators; plan C because of fractional voting provisions ”.
An order may be entered:
(1) Granting Douglas W. Seaman leave to appear and participate in this action as an intervening defendant;
(2) Amending the title of this action by striking the names of all individual defendants and substituting therefor, Broome County Board of Supervisors as party defendant.
A judgment may be entered:
(1) Declaring that the present districting and apportionment of the members of the Broome County Board of Supervisors violates the equal protection provision of the Fourteenth Amendment of the United States Constitution, and sections 1 and 11 of article I of the New York Constitution;
(2) Declaring that section 150 of the County Law and section 11 of the Second Class Cities Law, insofar as the application of each of the sections requires the present districting or apportionment of the Broome County Board of Supervisors, violates the said constitutional provisions ;
(3) Providing that the present Board of Supervisors shall continue to function as presently constituted;
(4) Providing that unless a constitutionally acceptable method of districting becomes effective prior thereto, the Supervisors to be chosen at the 1965 election be chosen in accordance with presently existing provisions of law;
(5) Providing that unless in the meantime the court otherwise directs, the terms of the Supervisors to be chosen at the 1965 election Avill expire December 31,1966;
*1066 (6) Providing that this court retains jurisdiction of this action and will entertain an application by any of the parties after April 1,1966 for a review of any districting plan that may be adopted, and for such other and further relief as shall be just and proper.