Richard J. Cardamone, J.
The plaintiffs, resident voters of Oneida County, New York, have moved for summary judgment pursuant to CPLR 3212 in an action instituted by them to obtain a declaratory judgment that the Board of Supervisors of Oneida County is unconstitutionally apportioned. By order of this court dated August 31, 1965, the title of the action was amended as to parties defendant so that the present defendants are the Executive, Board of Supervisors, and Commissioners of Elections of Oneida County, the Cities of Utica, Rome and Sherrill, and the State of New York.
The Oneida County Board of Supervisors is presently made up of 50 Supervisors, one from each of the 26 towns in Oneida County; one from each of the 17 wards in the City of Utica; and one from each of the 7 wards in the City of Rome. The populations (according to the 1960 Federal Census) of the 26 towns vary from 518 in the Town of Ava to 19,185 in the Town of Whitestown.
“ The conception of political equality from the Declaration of Independence, to Lincoln’s Gettysburg Address, to the Fifteenth, Seventeenth, and Nineteenth Amendments can mean only one thing — one person, one vote (Gray v. Sanders, 372 U. S. 368, 381 [1963].) The equal protection clause of the Fourteenth Amendment, requires the seats in both houses of a bicameral State Legislature be apportioned on the basis of population. (Reynolds v. Sims, 377 U. S. 533, 568 [1964].) However sophisticated an apportionment scheme may be it cannot be constitutionally sustainable if it results in a significant undervaluation of the weight of an individual vote because of the voter’s place of residence. (WMCA v. Lomenzo, 377 U. S. 633, 653 [1964].)
This guarantee of “ one person, one vote ” has equal application to elective legislative bodies below the level of the State Legislature. (Seaman v. Fedourich, 16 N Y 2d 94, 101 [1965]; Bianchi v. Griffing, 238 F. Supp. 997 [U. S. Dist. Ct., E. D. N. Y., *436 1965]; Matter of Goldstein v. Rockefeller, 45 Misc 2d 778 [Supreme Ct., Monroe County, 1965].) Thus, all municipalities, villages, towns, cities and counties, as political subdivisions of the State and exercising only those powers delegated to them by the State (N. Y. Const., art. IX, §§ 1, 2), must insure that the vote of each citizen is approximately equal in weight to that of every other citizen. This right is guaranteed to the citizens of Oneida County by the New York Constitution (art. I, § 11) and the Federal Constitution (14th Amdt.).
This court is vested with the power to entertain an action to uphold and vindicate this constitutional guarantee of equal representation at the municipal level. (Maryland Committee v. Tawes, 377 U. S. 656, 674 [1964]; Matter of Orans, 15 N Y 2d 339, 348-349 [1965]); Baker v. Carr, 369 U. S. 186 [1962].)
This action for a declaratory judgment has been appropriately instituted in the present case against all the parties interested in or affected by the enforcement of the plaintiffs’ rights. Further, all of the parties have had an opportunity to be heard on the question of such rights. (Wood v. City of Salamanca, 289 N. Y. 279, 282 [1942].)
No one disputes the population figures, set forth in the plaintiffs’ moving papers, as compiled by the 1960 Federal Census. They indicate a total population of 264,401 individuals in Oneida County. Of these 100,401 resided in Utica, 51,646 in Rome, and the remaining 112,345 resided in the 26 towns of Oneida County.
Oneida County adopted the charter form of government under the provisions of article 6-A of the County Law (now article 4 of the Municipal Home Rule Law) in 1961. As a result of that change, the provisions of section 150 of the County Law and section 20 of the Town Law no longer determine the makeup of the Oneida County Board of Supervisors and hence are not considered here. The present membership of the Oneida County Board of Supervisors is provided for in section 201 of article II of the Oneida County Administrative Code. That section, insofar as is here pertinent, provides as follows: “ There shall be a board of supervisors to be elected one from each of the several wards of the cities of Rome and Utica, and one each from the several towns of the county of Oneida. The supervisor or supervisors of each of the towns or cities in the county, sitting together, shall constitute the county board of supervisors. The number of supervisors to be elected in each town and city in the county shall remain as at present provided by law.”
The question presented is whether the present districts, from which Supervisors are elected to constitute the Oneida County *437 Board of Supervisors, are apportioned so as to meet the constitutional requirement of “ one person, one vote ”. Clearly, they are not. The present apportionment of the Oneida County Board of Supervisors violates the equal protection clauses of the Fourteenth Amendment of the United States Constitution and section 11 of article I of the New York Constitution. No question of fact has been raised in these proceedings but only a question of law. Summary judgment is therefore an appropriate remedy and will be granted to the plaintiffs here.
There remains for consideration the relief to be afforded plaintiffs. “ Legislative reapportionment is primarily a matter for legislative consideration and determination * * * judicial relief becomes appropriate only when a legislature fails to reapportion”, (Reynolds v. Sims, supra, p. 586.) The record before the court indicates that the Oneida County Board of Supervisors by Resolution No. 288 provided for a Reapportionment Committee which was appointed on January 21, 1965. This committee met frequently throughout the year. Five interim reports were filed with and two questionnaires submitted to the full Board of Supervisors. The committee adopted a plan on September 29, 1965, which did not obtain board approval, however.
This activity of the board is detailed here to demonstrate the quantity of .time already devoted to this pressing problem by the Oneida County Board of Supervisors. It is with this in mind that a future timetable with its implicit suggestion of deliberate speed is set forth below. The abbreviated .term of office for the newly elected Supervisors taking office January 1, 1966, is compelled, in part, by these same considerations. More urgent, however, is the fact that the continuation for two more years of the acute imbalance of representation of citizens in their county legislative body would not accord to these plaintiffs the timely, effective, and immediate relief to which they are entitled. (Reynolds v. Sims, supra, p. 585.)
The Board of .Supervisors should act, therefore, no later than March 1, 1966, which allows an opportunity for judicial review, if any is deemed necessary. Any local law enacted might also provide, if the board be so advised, for its submission and approval by the electors at a special election to be held not later than 60 days after the date of its enactment (Municipal Home Rule Law, § 23). It is envisioned that Oneida County will be reapportioned no later than July 1, 1966, so that the general election held in the Fall of 1966 would elect a new County Board of Supervisors in conformance with the constitutional requirement of “ one person, one vote ”.
*438 In view- of the above and acting under its general equitable powers, this court directs the plaintiffs to enter a judgment herein providing as follows:
1. The present apportionment of members of the Oneida County Board of Supervisors violates the equal protection clauses of the Fourteenth Amendment of the United States Constitution and sections 1 and 11 of article I of the New York State Constitution;
2. Section 201 of article II of the Oneida County Administrative Code violates the same constitutional provisions ;
3. The present Board of Supervisors shall continue to function as presently constituted;
4. Unless in the meantime the court otherwise directs, the terms of the Supervisors chosen at the 1965 general election will expire December 31,1966;
5. Unless in the meantime the court otherwise directs, the redistricting of Oneida County as provided for in this decision shall be completed no later than July 1, 1966;
6. The court will retain jurisdiction of this matter and will entertain an application by any of the parties for such other or further relief as may be just or proper.