John J. O’Brien, J.
The plaintiffs, citizens and taxpayers of the Town of Massena, St. Lawrence County, commenced this action for a declaration that the present apportionment of the Board of Supervisors of St. Lawrence County violates the Federal and State Constitutions because it fails to adhere to the judicially mandated principle of one person, one vote. (Gray v. Sanders, 372 U. S. 368, 381; Reynolds v. Sims, 377 U. S. 533, 568; WMCA v. Lomenzo, 377 U. S. 633.)
The Board of Supervisors presently is made up of 36 supervisors, one from each of 32 towns and 4 supervisors from the 4 wards of the City of Ogdensburg. The population of the Town *877 of Clare, according to the I960 census, is 87, and its supervisor has one vote. The population of the Town of Massena is 17,750, and its supervisor has one vote. Nineteen towns with a population of 22,163 out of a total population in the county of 111,239, according to the 1960 census figures, elect 19 out of the 36 supervisors. Differently stated, approximately 20% of the population controls the voting of the entire population. Such apportionment of the members of the Board of Supervisors is clearly unconstitutional and in violation of the Federal and State Constitutions and is invalid. That the principle of one person, one vote applies to Legislatures below the level of the State has been held in many cases and it does not seem necessary to discuss the principle any more. (Seaman v. Fedourich, 16 N Y 2d 94 [common council]; Matter of Goldstein v. Rockefeller, 45 Misc 2d 778 [board of supervisors]; Shilbury v. Board of Supervisors, 46 Misc 2d 837; Augostini v. Lasky, 46 Misc 2d 1058 [board of supervisors]; Barzelay v. Board of Supervisors, 47 Misc 2d 1013; Treiber v. Lanigan, 48 Misc 2d 434 [board of supervisors].)
Plaintiffs claim that section 150 of the County Law which provides that: “ The supervisors of the several cities and towns in each county, when lawfully convened, shall constitute the board of supervisors of the county ” is unconstitutional in that it requires membership of the ‘1 several cities and towns in each county” without regard to the population of those cities and towns." The Attorney-G-eneral argues that section 150 is constitutional in that it is not an apportionment statute, and that unconstitutionality exists within the city charters of those counties where there are cities in which ward boundaries are defined and where it is stated that supervisors shall be selected from these wards, and within sections of the Town Law to the effect that each town, regardless of size, shall have one supervisor and that he shall represent that town on the Board of Supervisors. One of the few provisions of the Town Law dealing with members of the Board of Supervisors is subdivision 14 of section 29 which provides that members shall attend annual meetings and every regular, adjourned or special meeting. The only other pertinent provision is subdivision 7 of section 41 of the Town Law which provides that the supervisor is a member of the Board of Supervisors. There is no provision dealing with the size of towns and their representation on the membership of the Board of Supervisors, except a general reference to the fact that certain first-class towns might have more than one member on the Board of Supervisors. There is no provision that the number of supervisors to be elected shall depend on *878 the population. There is no provision giving one supervisor one vote on the Board of Supervisors. The above-mentioned pertinent provisions, since they together constitute whatever is in the law dealing with the election of supervisors and the makeup of the Board of Supervisors (County Law, § 150; Town Law, § 29, subd. 14; § 41, subd. 7), are together unconstitutional as violating the principle of one person, one vote.
The contention that the action is premature is rejected. Each county has ample power to apportion itself (Ñ. Y. Const, art. IX). Action by the State is not a condition precedent to the commencement of this action.
Within St. Lawrence County are four educational institutions, St. Lawrence University, Clarkson Institute of Technology, Canton Agricultural and Technical Institute, and Potsdam State Teachers College. While many of the students are ineligible to vote, some of them are. Section 4 of article II of the New York Constitution provides that for purposes of voting, no person gains or loses a residence because he is a student at an institution of learning. While the section applies to voting, the fair intendment of the constitutional provision excludes a student from the population count in the district in which the school is located, and he must be counted in the area of his residence.
Also within St. Lawrence County and within the City of Ogdensburg is St. Lawrence State Hospital, a mental institution. In Seaman v. Fedourich (16 N Y 2d 94, 104-105, supra), Judge Fuld discussed population and methods of calculating population. He specifically referred to section 4 of article III of the Constitution as mandating how population is to be determined. He concluded that exclusion of the patients from a State mental institution from the population count was improper “without any investigation of relevant factors At no time did he refer to the above-mentioned section 4 of article II which specifically prevents “ For the purpose of voting” any person from gaining or acquiring a residence “ while kept at any almshouse, or other asylum, or institution wholly or partly supported at public expense or by charity”. Judge Funo’s statement that mental patients could not be excluded “ without any investigation ”, and his failure to cite section 4 of article II, lead to the conclusion that such patients must be excluded from the count of population. Population takes into consideration infants and minors who do not have the right of suffrage. Strictly speaking, the presence of an infant at a school or an adult at an institution, does not affect his right to be represented. Since the Constitution mandates that these people do not gain *879 or lose a residence by being at a school or institution, the logical conclusion is that they must be counted at their homes for purposes of population as well as for voting.
After plaintiffs instituted the action, the Board of Supervisors moved to dismiss the complaint, and the Attorney-General moved on behalf of the Secretary of State to drop the Secretary of State as a party and for leave of the State of New York to intervene in the action as a party defendant. In its motion papers, it included a proposed answer of the State of New York. Plaintiffs thereupon cross-moved, consenting to the dismissal of the complaint against the Secretary of State and to joining the State of New York as a defendant, to add the City of Ogdensburg as a party defendant and for summary judgment. Although the City of Ogdensburg, at the argument, at first objected to being included as a party defendant, later it consented. Accordingly the motion to dismiss the complaint against the Secretary of State and the motion of the State of New York for leave to intervene has been granted and an order entered amending the title. At this time the motion to add the City of Ogdensburg as a party defendant is also granted.
That leaves for determination plaintiffs’ motion for summary judgment. The motion is apparently made under CPLB 3211 (subd. [c]), which provides that on the hearing of a motion under CPLB 3211 (subd. [a] or [b]), either party may submit evidence that could properly be considered on a motion for summary judgment and the court may treat the motion as a motion for summary judgment and order immediate trial of the issues raised on the motion. In that subdivision (c) no reference is made to when the motion must be made. CPLB 3212 provides with respect to summary judgment that “ any party may move for summary judgment in any action, after issue has been joined”. (Italics supplied.) Under CPLB 3211, there is no reference to “ after issue has been joined ” although provision is made for immediate trial of the issues. It would thus seem that the procedures are mutually exclusive and under 3211 it is not essential that issue be joined. In Weinstein-Korn-Miller (vol. 4, par. 3212.02) it is stated that the motions under CPLB 3211 and 3212 are closely related and that “ The major difference between the two rules is that a motion under 3211 is made before answer, while the summary judgment motion may not be made until 6 after issue has been joined ’.”
However, in Firestone v. First Dist. Dental Soc. (46 Misc 2d 726) on a motion for a temporary injunction, where the cross motion was made to dismiss the complaint for legal insufficiency based on an affidavit, the court stated (p. 727) that “ The entire
*880 matter is exposed and if it leads to a conclusion favorable to the plaintiff, the matter is ripe for judgment, either in favor of the plaintiff or of the defendant. ’ ’ The court thereupon granted plaintiff a summary declaratory judgment, evidently treating the motion as one for summary judgment. The Appellate Division reversed such grant of summary declaratory judgment, stating that issues of fact were present and remitted the matter. (Firestone v. First Dist. Dental Soc., 24 A D 2d 268.) Thus, the Appellate Division indicated that summary judgment under CPLB. 3211 will be denied if there are issues of fact. Accordingly, despite the fact that none of the parties has submitted an answer, other than the State of New York, since no issue of fact is in dispute, all the parties being in apparent agreement that the apportionment of the Board of Supervisors violates the principle of one person, one vote, summary judgment is in order. All that remains is a matter of law.
The relief to be granted to plaintiffs is in serious dispute. Plaintiffs claim to be entitled to relief on the basis of weighted voting, asserting that by dividing the population of each town or ward by 500, the number of votes granted to each supervisor could readily be determined, including one for the Supervisor of the Town of Clare whose population is 87. The Board of Supervisors opposes weighted voting, and the Attorney-General in behalf of the State of New York takes the position that it may or may not constitute an answer to the problem. No appellate court within the State has as yet passed on the efficacy of weighted voting. In Shilbury v. Board of Supervisors (46 Misc 2d 837, supra), where such relief was granted, the matter is on appeal, having been argued as this opinion is being written with no decision having been handed down as yet. The Attorney-General offers to submit expert proof as to whether weighted voting could be effective in St. Lawrence County. Of course, setting the matter down for trial, would further delay the proceedings and might nullify any relief to plaintiffs for this year in view of the fact that the primary day for November, 1966 election is June 21,1966.
The trend has been to permit the Board of Supervisors to apportion itself. For many of the members of the board, it might mean legislating themselves out of office. They are, however, public-spirited men and can be counted on to do their job. at the sacrifice of their own.positions.
Accordingly, plaintiffs are granted summary judgment declaring that the present apportionment of the Board of Supervisors of St. Lawrence County is unconstitutional; declaring that section 150 of the County Law, subdivision 14 of section 29 of the *881 Town Law, and subdivision 7 of section 41 of the Town Law, dealing with the Board of Supervisors, its makeup and the election of supervisors, are together unconstitutional as violating the principle of one person, one vote; directing defendant Board of Supervisors to adopt a constitutional plan of apportionment to be completed by no later than July 1, 1966; directing that the present terms of the members of the Board of Supervisors terminate on December 31, 1966; directing that, if a valid plan be not completed and be acceptable on July 1, 1966, a hearing be held for the purpose of determining whether weighted voting cannot be applied to the Board of Supervisors of St. Lawrence County, and if it can be applied, to order its immediate application; and directing that this court retain jurisdiction of this proceeding to the end that the orders of the court be carried out.