(March 4, 1966)

■ KURT M. SHILBURY, Respondent-Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF SULLIVAN et al., Appellants-Respondents.— *Per Curiam.* The legal and factual issues are well and thoroughly covered in the comprehensive and well-considered opinion of Mr. Justice COOKE at Special Term. (46 Misc 2d 837.) Although the defendant-appellant-respondent Board of Supervisors does not on this appeal contest Special Term's finding that the present apportionment of the board membership is violative of the Federal and State Constitutions, it contends that Special Term should have acted only " to declare unconstitutional the composition of the Board, to direct the adoption of a system not inconsistent with the constitutional requirements, and to retain jurisdiction pending a reasonable time for the adoption of such a plan." This argument seems to us of little force in the light of the fact that there is no indication that the board has made any substantial effort to formulate a valid plan of reapportionment, either after the commencement of this action on December 21, 1964 or after the entry on July 23, 1965 of judgment upon the decision of June 26, 1965. Indeed, there is documentary evidence which we deem properly before us on each of two grounds (CPLR 4511; *People ex rel. Williams* v. *Murphy,* 6 N Y 2d 234, 237), that on January 10, 1966 a resolution that the board's Special Committee on Reapportionment and Optional Forms of County Government be directed to submit a plan or alternative plans not later than March 14, 1966 was tabled by vote of 11 to 4. It must also be noted that although this court is prepared to and does hear appeals in cases of this nature within a few days after appeal is taken, this appeal was not brought on for argument until some seven months after Special Term's decision. We are, nevertheless, reluctant to direct action that is primarily, and under ordinary circumstances exclusively, the prerogative and responsibility of a co-ordinate branch of the government; and recognizing the possibility that legislation may be enacted during the current session of the Legislature to accelerate municipal legislative procedures so as to permit adoption of a plan and the election of Supervisors thereunder prior to the time of the General Election of 1967, we consider that upon a showing of diligent effort on the part of the board to effect a valid reapportionment so as to permit an earlier election, Special Term may be well advised to consider whether the provision of its judgment requiring weighted

voting may properly be suspended; and we are of opinion that decretal paragraph " (5) " of said judgment will permit action of that nature upon proper application. Judgment affirmed, without costs. Order signed and entered. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.