Robert W. Sloan, J.
This is a motion for summary judgment, pursuant to CPLR 3212, made by the defendant, Town of Horseheads. The action was brought by individual residents, taxpayers and qualified voters of the County of Chemung to have the present representation and voting procedure of the Board of Supervisors of the County of Chemung declared in violation of the equal protection clauses of the Federal and New York State Constitutions. The defendants are the Board of Supervisors, the 11 towns of Chemung County, and the City of Elmira.
The Town of Horseheads in its answer admits the ‘ ‘ inequality of the voting in relationship to the population each supervisor represents ’ ’, and prays that the court declare as to the constitutionality of the present districting plan of representation on the Chemung County Board of Supervisors. Its moving papers state, in effect, that there is no triable issue of fact because the present supervisory apportionment plan considered with the 1960 Federal Census figures is clearly unconstitutional and that summary judgment must follow. The plaintiffs and all defend *420 ants, except the Towns of Ashland, Chemung, Elmira, Erin and Veteran, appeared on the argument of the motion and offered no opposition thereto.
The motion is here made on the petition, the pleadings and all previous papers and proceedings heretofore had. The latter reference is to a premature motion for approval of a districting plan (Resolution No. 136) adopted by the Board of Supervisors. Also considered is a certified copy of the population figures determined by the 1960 Federal Census.
The Board of Supervisors of Chemung County is made up of 23 members, each elected by the inhabitants of one of the 11 towns in the county or one of the 12 wards of the City of Elmira. Each Supervisor has the power to cast one vote, of equal weight with the others, on matters considered by the board. The population of each of the districts from which the Supervisors are elected (according to the 1960 Federal Census) is as follows:

Ward Population

1 2,400
2 3,103
3 3,482
4 3,703
5 4,211
6 2,071
7 9,814
8 2,705
9 2,468
10 3,950
11 3,811
12 4,799

Towns

Ashland ......................... 1,273
Baldwin ......................... 735
Big Flats ........................ 3,665
Catlin ........................... 1,831
Chemung ........................ 1,842
Elmira .......................... 8,413
Erin ............................ 1,175
Horseheads ...................... 17,808
Southport........................ 11,433
Van Etten ....................... 1,285
Veteran ......................... 2,729
98,706
*421 The disparity of population between the Towns of Horse-heads (17,808) and Southport (11,433), and any other town or city district is unjustifiable and unreasonable. A majority of 12 Supervisors representing 23.9% of the total population of the county (Wards 1, 2, 6, 8, 9 and the Towns of Ashland, Baldwin, Catlin, Chemung, Erin, Van Etten and Veteran) may, by their vote, determine the fate of legislation favored or opposed by the remaining Supervisors representing 76.1% of the total county population. There is no need for further analysis. This plan denies equal protection of the laws to many of the county’s citizens, and particularly to the residents of the Town of Horse-heads and to the plaintiffs contrary to the equal protection clauses of the Federal and State Constitutions. (U. S. Const., 14th Amdt.; N. Y. Const., art. I, §§ 1 and 11; Seaman v. Fedourich, 16 N Y 2d 94.)
When viewed in the light of the 1960 Federal Census figures, Town Law (§ 20, subd. 1, pars, [a] and [b]), County Law (§ 150) and sections 2 and 4 of the Elmira City Charter (L. 1906, eh. 477), must be deemed to violate Federal and State constitutional guarantees of equal protection and are, therefore, unconstitutional in their application to supervisory representation in Chemung County.
It is not for this court to impose a system of weighted voting (as requested), or any other districting plan on the defendants at this time (Shilbury v. Board of Supervisors of the County of Sullivan, 25 A D 2d 688, affg. 46 Misc 2d 837; Town of Greenburgh v. Board of Supervisors of Westchester County, 49 Misc 2d 116). The redistricting of Chemung County is a legislative function to be performed by its Board of Supervisors. The New York State Legislature has not given it the authority to do so. The direction of this court fills that vacuum and constitutes full and adequate authorization for the Board of Supervisors of Chemung County to do all that is proper and necessary to secure a constitutional plan of supervisory representation. (Matter of Orans, 24 A D 2d 217, mod. 17 N Y 2d 107.)
For the guidance and assistance of the board in adopting such a plan, Resolution No. 136 will not be approved if again submitted.
A judgment may be entered:
(1) Declaring that the present districting and apportionment of the members of the Chemung County Board of Supervisors violates the equal protection provisions of the Fourteenth Amendment of the United States Constitution, and sections 1 and 11 of article I of the New York State Constitution;
*422 (2) Declaring that Town Law (§ 20, subd. 1, pars, [a] and [b]), section 150 of the County Law, and sections 2 and 4 of the Elmira City Charter (L. 1906, ch. 477), insofar as the application of any or all of these sections requires the present districting or apportionment of the Chemung County Board of Supervisors, violate the said constitutional provisions;
(3) Providing that the Board of Supervisors shall continue to function as presently constituted;
(4) Providing that no election of Supervisors shall hereafter be held pursuant to the existing or any other unconstitutional plan of districting or apportionment;
(5) Providing that the defendant, Chemung County Board of Supervisors, is directed to prepare and submit to this court on or before September 6, 1966 a permanent, constitutionally valid plan of districting which will govern the election of Supervisors at the 1967 election;
(6) Providing that upon approval by this court of any such plan, it is to be submitted to the qualified electors of Chemung County at the general election to be held November 8, 1966; and
(7) Providing that this court retains jurisdiction of this action.