William B. Lawless, J.
Plaintiffs seek summary judgment pursuant to CPLR 3212 in their action for declaratory judgment which attacks, on constitutional grounds, the present apportionment of the Genesee County Board of Supervisors. In the action plaintiffs contend that the board as presently constituted violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and comparable sections of the New York Constitution. On this motion plaintiffs seek declaratory judgment holding that section 150 of the County Law and subdivision 14 of section 29 and subdivision 4 of *378 section 41 of the Town Law are also unconstitutional as they apply to Genesee County. Plaintiffs seek to shorten the terms of office of members of the Genesee County Board of Supervisors (hereinafter called the “ Board ”) and they seek a special election to select their successors in the general election to be held in November, 1966. Further, plaintiffs seek to have this court, or a Referee appointed by this court, actually reapportion the Genesee County Board of Supervisors.
Plaintiffs bring this action as citizens, property owners and taxpayers qualified to vote in the Town of Le Roy, State of New York. They assert that Genesee County (excluding the City of Batavia), is divided into 13 separate and distinct towns, the citizens of each of which elect a Supervisor who is, in the case of the towns, the chief executive of the government of the town; that said Supervisor in each case represents all of the citizens of the town as a member of the Board of Supervisors of the county wherein he functions as county legislator and county officer. Plaintiffs assert that according to the census conducted by the United States Government in 1960 the population of the various towns and wards contained in Genesee County are as follows:

Each member of the Genesee Board of Supervisors casts one vote in exercising his powers and the single vote is allowed without reference to the number of persons in the town or ward whom the Supervisor represents. Plaintiffs contend that this is required by section 150 of the County Law. Plaintiffs contend that as evidenced by the mentioned population figures, the popu *379 lation of the Town of Le Roy is approximately 4.3 times as large as the Town of Bethany, yet each of said towns is represented by a single Supervisor. From this plaintiffs argue that the vote of any Bethany voter is approximately 4.3 times more effective with respect to the government of Genesee County than the vote of the plaintiffs who reside in Le Roy, New York. Plaintiffs contend that because of the gross disparity in population among the towns and wards in Genesee County it results in an arbitrary impairment of the votes of plaintiffs and this deprives plaintiffs of equal protection of the laws guaranteed by the Fourteenth Amendment of the Constitution of the United States and sections 1 and 11 of article I of the Constitution of the State of New York. Finally, plaintiffs contend that the defendant Board of Supervisors is in fact unable or unwilling to accomplish a valid reapportionment although it established a committee to consider the problem approximately one year ago.
I
We find that no fact is in dispute and plaintiffs are entitled to summary judgment declaring the present apportionment of the Genesee County Board of Supervisors in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution and sections 1 and 11 of article I of the New York State Constitution. It is now clearly established by Federal mandate that legislative apportionment must comply with standards which provide equal protection of the laws (Baker v. Carr, 369 U. S. 186 [1962]; Reynolds v. Sims, 377 U. S. 533 [1964]; WMCA, Inc. v. Lomenzo, 377 U. S. 633 [1964]). This guarantee of “ one person, one vote ” has equal application to elective legislative bodies below the level of the State Legislature (Seaman v. Fedourich, 16 N Y 2d 94; Bianchi v. Griffing, 238 F. Supp. 997 [U. S. Dist. Ct., E. D. N. Y., 1965]). Thus, all municipalities, villages, towns, cities and counties as political subdivisions of the State and exercising only those powers delegated to them by the State (N. Y. Const., art. IX, § 1) must insure that the vote of each citizen is approximately equal in weight to that of every other citizen. That right is guaranteed to the citizens of Genesee County by both the Federal Constitution (14th Amdt.) and the New York Constitution (art. I, § 11).
This court has the power to entertain an action to uphold the constitutional guarantee of equal representation at the municipal level (Maryland Committee v. Tawes, 377 U. S. 656; Matter of Orans, 15 N Y 2d 339). To date summary judgments in proceed *380 ings of this kind have been granted in at least thirteen counties as follows: Broome (Augostini v. Lasky, 46 Misc 2d 1058); Chemung (Grove v. Chemung County Bd. of Supervisors, 50 Misc 2d 418); Erie (Graham v. Board of Supervisors [Sup. Ct., Kelly, J., June 28, 1966]); Herkimer (Morris v. Board of Supervisors, 50 Misc 2d 929); Monroe (Matter of Goldstein v. Rockefeller, 45 Misc 2d 778); Oneida (Treiber v. Lanigan, 48 Misc 2d 434); Onondaga (Barzelay v. Board of Supervisors, 47 Misc 2d 1013); Schenectady (Michl v. Shanklin, 50 Misc 2d 460, affd. 17 N Y 2d 906; Seneca (Glossing v. State of New York [Sup. Ct., Ark, J., July 13, 1966]); St. Lawrence (Dona v. Board of Supervisors, 48 Misc 2d 876); Sullivan (Shilbury v. Board of Supervisors, 46 Misc 2d 837, affd. 25 A D 2d 688); Washington (Iannucci v. Board of Supervisors [Sup. Ct., Sweeney, J., June 30, 1966]); Westchester (Town of Greenburgh v. Board of Supervisors, 49 Misc 2d 116; 51 Misc 2d 168).
The plaintiffs request the court itself to prepare an apportionment of the Board of Supervisors which will comply with the Federal and State Constitutions. We will not grant such relief at this time. Legislative apportionment is primarily a matter for legislative consideration and determination, and judicial action becomes appropriate only when a legislative body fails to reapportion according to constitutional requisites in a timely fashion after having had an adequate opportunity to do so. (Reynolds v. Sims, 377 U. S. 533, 586, supra.) It is true that for a period in excess of one year past the board has failed to take appropriate action to provide adequate representation in the board. This delay is due in part to the fact that Genesee County is a non-charter county and to date the New York State Legislature has not given it the express authority to reapportion. However, the direction of this court fills that vacuum and constitutes full and adequate authorization for the Board of Supervisors of Genesee County to do all that is proper and necessary to secure a constitutional plan of supervisory representation (Matter of Orans, 24 A D 2d 217, mod. 17 N Y 2d 107, and Grove v. Chemung County Board of Supervisors, 50 Misc 2d 418, supra).
In view of the complexities of compliance we believe that it is in the interest of orderly government to permit the Genesee County Board of Supervisors additional time to comply with the requirement of the Constitutions. In reaching this decision we have taken into account the fact that the board does have a committee in being which is attempting to prepare a permanent plan of reapportionment which will comply with Federal mandates.
*381 Plaintiffs request the court to declare that the terms of office of all persons elected to the Board of Supervisors shall expire on December 31, 1966, and to provide that a special election of Supervisors of Genesee County be held as a part of the general election in November of 1966. We decline to grant this relief because of the comparatively short period of time within which the Board of Supervisors must adopt a permanent plan of reapportionment and submit it to referendum. (Graham v. Board of Supervisors of Erie County, 18 N Y 2d 672.)
Judgment may enter accordingly as follows:
1. Declaring that the present apportionment of members of the Genesee County Board of Supervisors violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and sections 1 and 11 of article I of the New York State Constitution;
2. Declaring that section 150 of the County Law of New York, subdivision 14 of section 29 and subdivision 4 of section 41 of the Town Law, and other applicable statutes insofar as their application requires the present apportionment of the Genesee County Board of Supervisors, are invalid and unconstitutional in their application to that board;
3. Declaring that the Genesee County Board of Supervisors shall forthwith undertake and carry out a permanent constitutionally valid reapportionment of the Board of Supervisors of Genesee County to be declared and made effective within such time that any referendum required for such reorganization and reapportionment be held no later than the general election to be conducted in the year 1966. Further, that it be done within such time that candidates for public office who will, under such reorganization and reapportionment, succeed the present members of the defendant Board of Supervisors, can be nominated in the usual manner and at the usual time in the year 1967 and take office on January 1, 1968. In the event that the said board itself fails to take all necessary and legal proceedings to reach compliance, this court will, upon application, appoint a Referee or Referees to aid it as it deems necessary to effect a permanent, constitutionally valid reapportionment;
4. Declaring that the present Board of Supervisors shall continue to function as presently constituted in the manner and under the laws as heretofore. The terms of -Supervisors chosen at the 1965 general election will expire December 31, 1967.
5. Because weighted or fractional voting is of questionable value in reaching voter equality, we do not impose it upon the Board of Supervisors during the interim or transition period. No costs are allowed to any party herein.