Francis X. Conlon, J.
Plaintiff moves for an order granting a temporary injunction for the relief requested in the complaint. The motion is based on the complaint. Defendant cross-moves for dismissal of the complaint for legal insufficiency. That motion is based on the complaint and affidavit.
Under the constitution, by-laws and code of ethics of the defendant, a member must submit for prior review any manuscript which he desires to publish. Defendant asserts that it is empowered by the provisions of section 6604 of the Education Law to make all necessary by-laws not inconsistent with the laws of the State of New York for the management of its affairs and property, and the admission and expulsion of members, and that in his application for membership and his application for reinstatement, the plaintiff agreed in writing to abide by the by-laws, code of ethics, rules and regulations of the defendant.
The question is not whether there are procedures within the organization for appeal and review of any adverse decision, rather it is whether as a matter of law, constitutional, statutory or decisional, plaintiff, as a member in good standing must risk such standing unless his manuscript is presented for prior review and censorship. If the procedure is contrary to State law and public policy, it must be struck down. The member’s representations must be honored in matters of ethical discipline, but not in matters as to which the defendant has no power. In the latter sense then the court is not asked to render a declaratory judgment as defendant appears to argue by which the court will inject itself into internal operations before there has been exhaustion of remedy within the society. Defendant urges that plaintiff’s motion must fail because no affidavit has been submitted (CPLR 6312). In the first place, it is quite obvious that there is nothing here to be considered save what is contained in the complaint since plaintiff claims basic illegality in the requirement for prior review, regardless of what else has taken place. The complaint, to which the manuscript is attached, refers to the basis for action by the society against the individual, and embodies the letter by which the defendant has rejected plaintiff’s manuscript. Defendant on the cross motion has used an affidavit to lay the basis of power and requirement for internal appeals, and a statement of policy requiring submission of manuscripts of prior review for the protection of the society and its objectives.
The entire matter is exposed and if it leads to a conclusion favorable to the plaintiff, the matter is ripe for judgment, either in favor of the plaintiff or of the defendant.
*728 A question of basic invalidity was raised in People v. Medical Soc. of Erie County (24 Barb. 570). There the court nullified a resolution adopting a schedule of minimum fees as an unreasonable restraint. Such basic lack of power is subject of instant judicial review (Dun & Bradstreet v. City of New York, 276 N. Y. 198). The right of free expression, unfettered by obligation of prior review, is at least as basic.
However, the freedom of action which plaintiff seeks to have judicially confirmed has its risk. While plaintiff may have official declaration and exploit it, yet it does not follow necessarily that he may not thus subject himself to ethical discipline (People ex rel. Bartlett v. Medical Soc. of Erie County, 32 N. Y. 185; Ewald v. Medical Soc. of County of N. Y., 144 App. Div. 82). This need not be foreseen or precluded or predetermined. Injunction against action by the defendant by reason of publication is in order to the extent only that defendant will be enjoined from taking any action against the plaintiff by reason of the mere act of publication; otherwise the court may take action if called upon to do so whenever the proper time therefor should arise. It is not now.
Accordingly, the motions are disposed of as follows: Plaintiff may have judgment declaring his right to publication without prior review. He may have judgment for injunction restraining any action on the part of the defendant against the plaintiff by reason of the act of publication,, and injunctive relief is otherwise denied. No determination is made that any future discipline is or is not objectionable. While this may be a hollow victory, it is all that the plaintiff may have now.