Francis J. Bloustein, J.
Plaintiff, a practicing dentist having been duly licensed to practice in this 'State in 1947, has brought this action against the First District Dental Society of the State of New York, a membership corporation of which he is a member, for a judgment declaring the invalidity of certain provisions of defendant’s code of ethics and regulations and enjoining their enforcement.
Defendant’s code of ethics provides that it shall be unethical for any of its members to publish or broadcast any manuscripts or talks to the lay public dealing with scientific dental matters without first securing defendant’s approval therefor, and its constitution and by-laws authorize the suspension or expulsion of any member found guilty of violating such code.
Early in 1965 plaintiff prepared a manuscript for a radio broadcast on the subject of dental care and submitted it for approval to defendant’s ethics committee. That committee, in a letter to plaintiff dated April 19,1965 refused its approval, on the ground that the manuscript “ contained numerous statements that were not in good taste and not designed to uphold the dignity of the profession ” and that it would not be “in the best interests of dentistry” to read plaintiff’s manuscript “ over the radio ”. Plaintiff challenges the validity of defendant’s code and regulations as an improper prior restraint of the right of freedom of expression in violation of the guarantees of the First and Fourteenth Amendments to the United States Constitution.
Plaintiff was heretofore granted summary judgment declaring the invalidity of the requirement of prior approval by defendant of publications or expressions by its members, and enjoining defendant from taking any action against plaintiff by reason of publications or expressions made without obtaining such prior approval. (Firestone v. First Dist. Dental Soc., 46 Misc 2d *364 726.) The Appellate Division, however, reversed, holding that while the complaint stated a.cause of action, summary judgment was improperly granted, since there were a number of triable issues of fact bearing on plaintiff’s right to relief. (Firestone v. First Dist. Dental Soc., 24 A D 2d 268.) The case thereafter went to trial before this court.
The basic question is whether ‘1 state action ’ ’ is here involved, of a nature sufficient to create rights in plain tU'’ under the First and Fourteenth Amendments to the Unitea States Constitution. 1 ‘ ‘ The Fourteenth Amendment protects the individual against state action, not against wrongs done by individuals. ’ ” (See United States v. Guest, 383 U. S. 745, 755, quoting from United States v. Williams, 341 U. S. 70, 92 [dissenting opinion by Douglas, J.].) The United States Supreme Court has, however, emphasized that “ the involvement of the State ’ ’ is not required to be “ either exclusive or direct ’ ’, and that sufficient ‘ ‘ state action ’ ’ may ' exist ‘ ‘ even though the participation of the State was peripheral ”. (United States v. Guest, supra, pp. 755-756.)
Defendant is one of a number of district dental societies throughout the State as provided for by the State Education Law (§§ 6603, 6604). The members of the various district societies automatically become members of the State Dental Society (Education Law, § 6602). The Education Law (§ 6604) specifically provides that ‘ ‘ Every licensed and registered dentist in the judicial district in which such a society is formed, shall be eligible to membership in the district society of the district where he resides or practices dentistry.”
The statute further provides for a State Board of Dental Examiners, which is charged with the function of preparing and conducting the examination of applicants for licenses to practice dentistry, and of certifying successful applicants to the Education Department (Education Law, §§ 6607, 6608, 6609).
Appointments to the State Board of Dental Examiners are made by the State Board of Begents from nominations submitted by the State Dental Society, or in default of such nominations, “ from the licensed and registered dentists of the state who have been members of the state dental society for not less than ten years prior to the time of the appointment ” (Education Law, § 6607, subd. 1).
It is thus clear that the State Dental Society, of which the defendant district society is a component, functions as an agent of the State, in the selection of the members of the official State Board of Dental Examiners. The Board of Dental Examiners is a creature of the State of New York. The functions dele *365 gated to it are by their very nature of a public character. As noted, a licensed dentist in this State can become a member of the State Dental Society only by virtue of membership in one of the district societies. As the United States Court of Appeals for the Fourth Circuit has held in the context of a similar North Carolina statute, the activities of a dental society entrusted with such powers plainly constitute “ state action (Hawkins v. North Carolina Dental Soc., 355 F. 2d 718, 722, 723.) As the court there pointed out. “ Only as a member of the Society, can a professionally qualified, licensed dentist have a voice in the election and appointment of dentists to those offices of the state which must be filled by dentists.” The Hawkins case involved the equal protection clause of the Fourteenth Amendment, but the principles there enunciated are equally applicable to a case such as this which involves the right of free speech as guaranteed by the First and Fourteenth Amendments.
The question, then, is whether ‘ ‘ state action ’ ’ which requires advance approval as a condition of public utterances on matters of public interest is violative of the constitutionally protected right of free speech. The United States Supreme Court has held that ‘ ‘ Any system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity ” (Bantam Books v. Sullivan, 372 U. S. 58, 70), and that while “ the protection even as to previous restraint is not absolutely unlimited ” (Near v. Minnesota, 283 U. S. 697, 716), “ the limitation is the exception; it is to be closely confined so as to preclude what may fairly be deemed licensing or censorship ” (Kingsley Books v. Brown, 354 U. S. 436, 441). That court has further held that it will not sanction any system of prior restraint on freedom of expression unless at least provision is made for 1 ‘ a judicial determination in an adversary proceeding ” in advance of any “final restraint” as to whether the particular publication “ constitutes protected expression ”. (Freedman v. Maryland, 380 U. S. 51, 58-59.)
In the present case, defendant’s code of ethics flatly prohibits its members from making any public statements on matters of public interest without defendant’s advance approval, and any member who violates such restraint is subject to disciplinary action. Indeed, the testimony revealed that plaintiff was threatened with disciplinary action in a conversation with the Chairman of the Ethics Committee, if he published or uttered the article for which approval had been denied. No provision is made for judicial determination in advance of final restraint, and a member who insists on his right to publish without obtaining prior approval runs the grave risk of suspension or expul *366 sion from the defendant society. Such a system of prior restraint clearly offends the constitutional guarantee of freedom of expression. (Near v. Minnesota, 283 U. S. 697, 716-720, supra; Freedman v. Maryland, 380 U. S. 51, 57-60, supra.)
Defendant urges that the purpose of the challenged provisions is to reach the evil of unprofessional advertising. (Cf. Matter of Cherry v. Board of Regents, 289 N. Y. 148.) Those provisions, however, are not confined to cases of advertising but, on the contrary, constitute an impermissible general, pervasive restraint on freedom of expression on matters of public interest. (Thornhill v. Alabama, 310 U. S. 88, 97; N. A. A. C. P. v. Button, 371 U. S. 415, 432-433.) “ In the area of freedom of expression it is well established that one has standing to challenge a statute on the ground that it delegates overly broad licensing discretion to an administrative office, whether or not his conduct could be proscribed by a properly drawn statute, and whether or not he applied for a license.” (Freedman v. Maryland, 380 U. S. 51, 56, supra.)
Defendant further contends that plaintiff is precluded from invoking his First Amendment rights by reason of his having agreed in writing, on becoming a member of the defendant society, and upon his application for. reinstatement as a member after returning from service in the Armed Forces in 1954, to abide by its code of ethics and by all of its rules and regulations. Similar contentions advanced in cases involving public employees have, however, been uniformly rejected by the United States Supreme Court. (Pickering v. Board of Educ., 391 U. S. 563; Keyishian v. Board of Regents, 385 U. S. 589.) As was held in the latter case, ‘ ‘ ‘ the theory that public employment which may be denied altogether may be subjected to any conditions, regardless of how unreasonable, has been uniformly rejected ’ ” (pp. 605-606). Furthermore, the State Education Law specifically provides that the power of a district dental society, such as this defendant, to make by-laws is limited to by-laws which are ‘ ‘ not inconsistent with the laws of this state ” (§ 6604). It is clear to the court that if the provision of the Code of Ethics under attack is invalid, there can be no waiver.
The question remains whether it is incumbent on plaintiff to establish that he would suffer economic loss as a result of his suspension or expulsion from membership in the defendant society. The Appellate Division, in its prior decision in this case (24 A D 2d 268, 270), referred to the allegations of economic loss in plaintiff’s complaint as “ material as the basis of any proper declaration of the rights of plaintiff ”, citing Matter *367 of Salter v. New York State Psychological Assn. (14 N Y 2d 100). The Court of Appeals, however, made it clear in the Salter case that it would not have been necessary for the plaintiff there to establish the element of economic loss as a condition of challenging the refusal of the defendant association to admit him to membership, if he had been able to show that the State had delegated official functions to that association or had otherwise constituted it the State’s agent (p. 106), In the present case, unlike Salter, the State has delegated to the defendant society the official function of selecting nominees for vacancies on the State Board of Dental Examiners, and in view of the ‘1 state action ’ ’ thus involved, there would seem to be no need for plaintiff to establish that his suspension or expulsion from the defendant society would cause him economic loss. Moreover, a further factor distinguishing this case from Salter is that the Education Law expressly renders every licensed dentist in the First Judicial District eligible to membership in the defendant society (§ 6604). Loss of the benefits of membership in the district society would obviously deprive plaintiff of substantial rights.
In any event, however, the evidence adduced at the trial herein showed, and the court finds, that loss of membership in the defendant society would have adverse economic consequences for plaintiff. Plaintiff would thus be deprived of such benefits of affiliation with defendant as access to hospital facilities, eligibility for a teaching position, availability of forums, scientific meetings as well as the educational value of postgraduate courses sponsored by defendant and reduced premiums for malpractice insurance, and in addition the prestige of being affiliated with the State Dental Society and the American Dental Association.
Nor does plaintiff’s right to relief turn on whether defendant is the only existing dental society or association in this locality to which plaintiff could belong. It is sufficient that defendant is the only dental society in this Judicial District enjoying the special status conferred on it by the Education Law, and that such status makes it “ so nearly an arm of the State itself ” as to entitle plaintiff to invoke the protection of the Fourteenth Amendment. (See Matter of Salter v. New York State Psychological Assn. (14 N Y 2d 100, 103, supra.)
The remedy of declaratory and injunctive relief sought by plaintiff is peculiarly applicable where, as here, the issue tendered is a constitutional one involving a pure question of law. (Lutheran Church v. City of New York, 27 A D 2d 237, 239 [1st Dept.].) Nor was plaintiff required to run the risk of *368 disciplinary action by defendant as a condition of obtaining a judicial determination of the validity of the very code provisions on which such disciplinary action would be predicated. (De Veau v. Braisted, 5 A D 2d 603, 606-607 [2d Dept.], affd. 5 N Y 2d 236, affd. 363 U. S. 144.) Further, since plaintiff is here challenging defendant’s requirement of advance approval of matter to be published or broadcast, as unconstitutional on its face, it is no bar to judicial relief that, as urged by defendant, plaintiff may not have exhausted all the nonjudicial remedies available to him under defendant’s constitution and by-laws to attempt to obtain such advance approval. (Cf. Freedman v. Maryland, 380 U. S. 51, 56, supra; Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206.)
Plaintiff is accordingly entitled to judgment declaring the invalidity of the provisions of defendant’s code of ethics and regulations which require defendant’s advance approval before the publication or broadcast of a manuscript or talk prepared by one of its members, and enjoining defendant from taking any disciplinary action against plaintiff by reason of plaintiff’s failure to secure such advance approval prior to any such publication or broadcast.
Nothing herein decided would, however, preclude defendant from pursuing disciplinary action in a proper case against plaintiff or any of its other members, in accordance with its constitution or by-laws, on a charge that a particular publication or broadcast offends defendant’s code of ethics for reasons other than the failure to secure advance approval for such publication and broadcast from defendant since no issue with respect to any such post-publication disciplinary action is before this court. (See Firestone v. First Dist. Dental Soc., 46 Misc 2d 726, 728, supra.)